UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA ROGERS,

                Plaintiff,

-against-

THE PALM RESTAURANT; DEL FRISCO'S;
DOUBLE EAGLE; LAUNDRY,

                Defendants.

25-CV-1663 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity of citizenship jurisdiction. By order dated March 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a resident of New York, filed this complaint against the Palm Restaurant; Del Frisco's; Double Eagle; and Laundry, asserting claims of "sexual harassment, embezzlement, fraud, murder for hire, theft by conversion, organized stalking, ostracism, illegal sale/transfer of ownership to hide assets, election fraud."[1] (ECF 1 ¶ I.) The complaint lists a Texas address for Laundry, but provides no address for the other defendants. (*Id.*) According to Plaintiff, the events giving rise to this complaint occurred in Washington, D.C. between September 15, 2015, and on an unspecified date in 2023. (*Id.* ¶ III.)

Plaintiff's allegations include

Unbknowst to me one of your shareholders came into my life here in NYC, developed a relationship with me and even went so far as to invite me to live inside of his home and all the while was a shareholder of the company while I was suing them and tried to kill me on multiple occasions. He has since then launched these series of attacks of me and my family raping and "killing" of my brother which is why he paid the man to hold this relationship with me. This restaurant was under the palm at the time, and he not only tried this relationship thing once he did it 2x once with Ron Tarpley and old affiliate of the palm and resource officer/security for the palm.

This shareholder and his hired help went on a series of trips too Georgia where they repeatedly raped my mother and my sister. He and this man has also stolen money from me in the excess of millions and this same man was in connection to the July 21, 2019 assault that happen to me in Brooklyn.

My brother was a father of 5 children and happily married to his high school sweetheart in GA. This shareholder alog with Tiberius began raping him and recording these events to sell as a videos online. They tore his enite family apart. Gave him and his wife HIV, and the childred a viral strand of monkeypox that caused them to have to leave GA and move too NYC as these men made them, and now one of my nieces is on the streets at 12, the other one is with an unknow west idian family, and three of their social security number are inactive. While helping him get his social security I learned that his penis was mutalated and it forced him to have to undergo a sex change.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

> This case presents a complex and troubling narrative that warrants thorough examination by the Courts, particularly in light of the sexual harassment lawsuit filed against Del Frisco's. The circumstances surrounding the dismissal of my case are deeply concerning, as they involve a fabricated and deceitful relationship with a colleague from my community. This individual, who has since benefited from financial compensation and business opportunities within the organization, raises significant ethical and legal questions regarding the integrity of the proceedings and the motivations behind the actions taken against me.

(*Id.* at 8.)

In the "Injuries" section of the form complaint, Plaintiff alleges, "Beaten in head with shovel, rape brother, mother, sister, harassment," and he seeks the following relief: "Reverse the sale that took place, you can't sell a company with an active lawsuit due to the ownership in question belongs to me because they made contact with my family w/o court approval." (*Id.* ¶ III.)

On May 15, 2025, Plaintiff filed a motion for judgment and a declaration. (ECF 5, 6.)

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

3

The Court finds that, because Plaintiff does not provide any plausible factual support for his claims that Defendants assaulted him and his family and committed other misconduct against Plaintiff, his claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

## LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Moreover, "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Public Access to Court Electronic Records shows that Plaintiff has filed 20 *pro se* cases in this district since 2024. With the exception of a social security appeal, which remains pending,[2] the cases that have been adjudicated have either been dismissed on the merits or dismissed because Plaintiff did not comply with court orders. *See Rogers v. White House*, No. 25-CV-1773 (LLS) (S.D.N.Y. June 9, 2025) (listing cases). The

---

[2] *See Rogers v. Comm'r of Soc. Sec.*, No. 24-CV-7898 (SDA) (S.D.N.Y. Feb. 4, 2025) (pending government motion for summary judgment).

court has warned Plaintiff that he could face a filing injunction if he persists in filing complaints that lack merit. *See Id.* That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The motion for a judgment is denied as unnecessary, and the Clerk of Court is directed to terminate it. (ECF 5.)

Plaintiff is reminded that if he abuses the privilege of proceeding IFP by filing complaints lacking in merit, the Court may order him to show cause why he should not be barred from filing complaints IFP in this Court without prior permission.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:  July 1, 2025
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.